UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**PATRICK GUILLORY JR #587254**     **CASE NO.  6:18-CV-01593 SEC P**

**VERSUS**                                              **JUDGE DOUGHTY**

**DARRL VONNOY**                            **MAGISTRATE JUDGE HANNA**

### REPORT AND RECOMMENDATION

Petitioner Patrick Guillory, Jr. ("Guillory") filed the instant Petition for Writ of *Habeas Corpus* on December 4, 2018 [Rec. Doc. 1], as well as two subsequent Amended Petitions on January 14, 2019 [Rec. Doc. 4], and January 30, 2019 [Rec. Doc. 6].  Petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, where he is serving a forty-year sentence imposed by the Fifteenth Judicial District Court for Acadia Parish, Louisiana, following his 2011 conviction for attempted second degree murder.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.  For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

   **I.    Background**

By this proceeding, Guillory attacks his 2011 conviction for attempted second degree murder and the subsequent forty-year sentence imposed by the Fifteenth

Judicial District Court for Acadia Parish, Louisiana. He raises twenty-six claims and seeks immediate release and 100 million dollars.

This court's records demonstrate that Guillory has filed a previous federal Petition for Writ of *Habeas Corpus* in which he attacked this same conviction and sentence. *Patrick Guillory, Jr. v. Warden, Louisiana State Penitentiary*, No. 6:14-cv-1008 (W.D. La. 2014). The first petition was denied and dismissed with prejudice on December 5, 2014. *Id*. at Rec. Doc. 9. Judge Doherty denied a certificate of appealability. *Id*. at Rec. Doc. 10. Petitioner did not seek to appeal to the United States Court of Appeals for the Fifth Circuit, nor did he request the issuance of a certificate of appealability from that court. In 2018, Petitioner began filing in the closed lawsuit. On November 20, 2018, Judge Doughty, in an Order denying Petitioner's Motion to Re-Open the original lawsuit, notified Petitioner that if he wished to file a second and successive Petition for Writ *of Habeas Corpus*, he must first obtain authorization from the Fifth Circuit. *Id*. at Rec. Doc. 19.

Guillory filed the instant petition for federal *habeas corp*us relief on December 4, 2018 [Rec. Doc. 1], as well as two subsequent Amended Petitions on January 14, 2019 [Rec. Doc. 4], and January 30, 2019 [Rec. Doc. 6]. Therein, he raises the same claim raised in his previous petition, as well as twenty-five additional claims: (1) he wasn't properly *Boykinized*; (2) faulty plea; (3) offense was partially caused by law enforcement; (4) trial counsel was made aware of his mental health

and didn't do anything; (5) the court was aware of his incompetence and did nothing; (6) the D.A. was aware of his mental health and possible incompetence and still violated his rights by offering him a plea bargain after only 30 days after the arrest; (7) case presented against him was meritless; (8) he was not given leniency for being an informant or first offender; (9) on a previous offense he was offered a sanity examination but the court failed to do so in these proceedings; (10) he personally put the court on notice that he was incompetent in a letter to the judge and nothing was done; (11) he was incompetent and insane at the time of the offense and the *M'Naughten* Rule would free him; (12) his sanity causes him to suffer from his conviction – a potent cruel and unusual punishment; (13) as an informant his life has been placed in danger by the prison population; (14) he wasn't arraigned, only offered a plea deal while mentally disturbed; (15) his mental health records from the Crowley Mental Health will prove he was insane at the time of the offense; (16) he was insane at the time of the plea signing; (17) he signed the plea under the impression that his attorney would file a post-conviction application and bring him in for a generous time cut for being an informer and first offender; (18) being arrested after a suicide attempt and insane and not getting help from the court has driven him to attempt suicide several times in prison; (19) the examination he received while locked up on a previous offense was not followed by a court hearing depriving him of justice and allowing the court to proceed unconstitutionally without being aware

of what the examination found; (20) he did not receive a competency hearing after it became an issue, even after a letter to the court; (21) his lawyer failed to issue a habeas corpus upon determination that his constitutional rights were abridged by his failure to receive adequate hearing on competency to stand trial; (22) being forced to take mental health injections is cruel and unusual punishment; (23) he was incarcerated five times for serious offenses just over a year in time and it was found that he was suffering from five major mental health disorders; (24) his mother was used by both the D.A. and his lawyer to make him sign a plea deal; and (25) he was let out of parish prison to work as informant about the drug trade, helped to put ten people in jail and was promised freedom and help for his work, but did not get that when he received a forty-year sentence.

## II. Law and Analysis

### a. Habeas Corpus Claims

In this matter, Guillory again seeks to attack the same conviction and sentence he sought to attack in his first Petitioner for Writ of *Habeas Corpus*. "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."  Rule 9 of the Rules Governing Section 2254 Cases in the U.S. Dist. Courts.  The bar on second or successive petitions applies to a later-in-time petition that challenges the same judgment

imposing the same sentence as an earlier-in-time petition. *In re Lampton*, 667 F.3d 585 (5th Cir. 2012) (*citing Burton v. Stewart*, 549 U.S. 147, 156 (2007)).

Although the Antiterrorism and Effective Death Penalty Act ("AEDPA") does not define "second or successive," the Fifth Circuit has long held that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or *could have been* raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) (emphasis added); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). The phrase "second or successive" applies to an entire application, not to individual claims in an application. *Magwood v. Patterson*, 561 U.S. 320, 334 (2010) ("AEDPA uses the phrase 'second or successive' to modify 'application.'"). "[A]n application filed after a previous application was adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, n. 7 (5th Cir. 1999) (citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662 (1996)).

This is Guillory's second attempt to collaterally attack, in this federal Court, his Louisiana state court conviction for attempted second degree murder and the subsequent forty-year sentence imposed by the Fifteenth Judicial District Court for Acadia Parish, Louisiana. Petitioner *could have raised* his assignments of error in

his earlier petition. The instant action is therefore unquestionably a § 2254 action which under 28 U.S.C. § 2244 is "second or successive."

Before the Court may consider a second or successive petition, Petitioner must, as mentioned, obtain authorization to file it from the Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Because the record does not reveal that Petitioner received such authorization, this Court lacks jurisdiction. See *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *U.S. v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

### b. Civil Rights Claims

While Petitioner challenges his conviction and sentence, seeking immediate release from prison, he also seeks money damages. By so doing he has asserted claims cognizable in a civil rights complaint filed pursuant to 42 U.S.C. § 1983 in his habeas corpus petition. (Title 42 U.S.C. § 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….")

However, "[a] habeas petition … is the proper vehicle to seek release from custody." *Carson v. Johnson,* 112 F.3d 818, 820 (5th Cir.1997). When an inmate challenges the very fact or duration of his confinement and the relief he seeks is immediate or speedier release, "his sole federal remedy is a writ of habeas corpus". *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Petitioner has attempted to combine habeas corpus and civil rights claims in the pro se pleadings submitted to this Court. "[I]n instances in which a petition [or complaint] combines claims that should be asserted in habeas with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims." *Ricks v. Deville*, 2007 WL 625499 (W.D. La. 2007) (citing *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir.1987).

To the extent that petitioner seeks money damages because of a violation of his civil rights, he is advised that such a claim may not be joined to his habeas corpus claim and should be raised in a civil rights complaint. If petitioner desires to litigate his claim for money damages he must refile the complaint utilizing the appropriate complaint form and either pay the costs of court or submit a properly executed application to proceed in forma pauperis.

Therefore, the undersigned finds that this petition should be dismissed. Accordingly;

**IT IS RECOMMENDED** that the instant action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report

and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

      THUS DONE in Chambers on this 14th day of February, 2019.

                                                     Patrick J. Hanna
                                     **United States Magistrate Judge**